WESTERN DIST.
*October*, 1836.

RACHAL
*vs.*
RACHAL ET AL.

RACHAL *vs.* RACHAL ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF
NATCHITOCHES.

Where the tutrix has caused an inventory to be made of her deceased
husband's estate, it is unnecessary to renew the inventory on the death
of a child, as the evidence of the extent of his property is already of
record.

The wife will be maintained in her tutorship when she has been retained
in it by advice of a family meeting, on a second marriage.

Where the insolvency of the husband, who is co-tutor with his wife, is
made the ground of suspension of the functions of the latter as natural
tutrix, it must be sought for in a direct action. :

This is an action by the under tutor to remove the tutrix
of her minor daughter for malversation in office.

The plaintiff alleges that he is under tutor of the minor
daughter of the defendant, and that the mother, as natural
tutrix, has received large sums of money as the inheritance
of her ward from her deceased husband's succession, and a
deceased child; and from a grandfather's estate; and, as he
believes, is wasting the funds. That she has intermarried
with her present husband, who is idle and worthless, and
against whom she has obtained a judgment of separation of
property; and that he believes she is about to sell all her
effects, and leave the state, and thereby defraud her said
minor daughter. He prays that she be called to render an
account, and be removed from office.

In an amended petition he further alleges, the tutrix failed
to cause an inventory to be taken of her deceased child, and
brother of her ward; and that she has not complied with
all the requisites of the law, in order to be continued as
tutrix on marrying her second husband.

The defendant pleaded a general denial; and further
averred, that she had been maintained in her tutorship, on

her second marriage, by the advice of a family meeting.

The husband answered, and denied the allegations against his said wife and tutrix, and averred she had faithfully discharged her duty as such.

Before going to trial, the tutrix filed in court an account of her administration of her ward's effects.

The evidence showed that since the marriage, the wife and tutrix had obtained a judgment of separation, and for the separate administration of her property. It also appeared that the husband was still in possession of slaves and other property, and that he made crops of cotton, &c. That the minor daughter of the tutrix was well clothed and supported, and was getting her education. No testimony was introduced showing any intention or acts, by which the tutrix was about to abscond, or in any other way defraud her minor of its rights or property.

The judge of probates gave judgment for the defendants. The plaintiff appealed.

*Dunbar*, for the plaintiff. This is an action to remove the defendant as natural tutrix, on the ground that she married a second time without being confirmed in 'her office ; and because of the insolvency of her husband, who became co-tutor. The wife has obtained a separation of property, which suspends the tutorship. The husband's insolvency is good grounds of removal. *Louisiana Code,* 323. *Sirey, annoté Code Napoleon, article* 393.

*Gayoso*, for defendant. The defendant has been confirmed in her tutorship. The survivor is entitled to the tutorship of right. On marrying, it is true the husband becomes of necessity co-tutor. *Louisiana Code,* 268, 278.

*Martin, J.,* delivered the opinion of the court.

The plaintiff is appellant from a judgment which rejects his application, as under tutor, for the removal of the defendant as natural tutrix of Emilie Rachal, her minor daughter. The grounds of this application are, her incapacity, waste of

WESTERN DIST.

October, 1836.

RACHAL
vs.
RACHAL ET AL.

Where the tutrix has caused an inventory to be made of her deceased husband's estate, it is unnecessary to renew the inventory on the death of a child, as the evidence of the extent of his property is already of record.

The wife will be maintained in her tutorship, when she has been confirmed in it by the advice of a family meeting, on a second marriage.

Where the insolvency of the husband, who is co-tutor with his wife, is made the ground of suspension of the functions of the latter as natural tutrix, it must be sought for in a direct action.

the property of her ward, and that she is about to sell off her property and remove from the state, with a view of defrauding her minor daughter; and further that she failed to make an inventory of the estate of one of her deceased minor children, of whom her ward is heir; and that she has not been legally continued as tutrix of her said minor, on her second marriage. As the property of her deceased child was already in her hands, as his natural tutrix; and as it is not alleged that she neglected to make an inventory on the death of his father, (her first husband) when she assumed the tutorship of her minor children, it does not appear to us that it was necessary to renew the inventory on the death of the child, as the evidence of the extent of his property was already a matter of record. In the case of *Rachal et al.* vs. *Rachal's heirs, just decided* ante 454, in which it was objected then, as it is now, that she had not been maintained in the tutorship of her minor children, we determined, on evidence exactly similar to that in the present case, that she had been legally maintained in office.

The remaining grounds of the application rests on questions of fact, on which the testimony is somewhat contradictory. The Court of Probates has concluded that it preponderates in favor of the defendant, and it does not appear to us that the court erred. If the alleged insolvency of the husband and co-tutor, authorized a suspension of the tutorship of the wife during the marriage, it must be sought for in a direct action for that purpose; as the insolvency is not proved to have existed at the time of the judgment of separation; and it is in evidence that he has several slaves and other property.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.